DECISION AND JUDGMENT ENTRY
Vernon R. Parker appeals the property and debt distribution provisions of a divorce decree from the Scioto County Court of Common Pleas. Appellant asserts the following assignments of error:
 I. The trial court abused its discretion and made a decision against the manifest weight of the evidence when it found that the entire $40,000 value of the double wide mobile home was a marital asset.
 II. The trial court erred in finding that the full value of the mobile home ($40,000) was marital property.
 III. The trial court erred in ordering Husband to pay to Wife the sum of Eighteen Thousand, Two Hundred, Twenty-Six Dollars and 50/100 ($18,226.50)
 IV. The trial court erred in ordering the Husband to pay the Bank One Visa in the sum of Three Thousand, Five Hundred Dollars ($3,500) and the Desco loan of Six Thousand Dollars ($6,000).
After reviewing the record, we sustain appellant's first three assignments of error and overrule appellant's fourth assignment of error.
 I.
Appellant married Violet L. Parker in 1984. Their daughter, Kimberly, was born prior to the marriage and appellant does not dispute paternity. Both parties also have other children who are now emancipated. In 1998, appellee filed for divorce.
Prior to the marriage, appellant owned various parcels of real property and appellee was purchasing real estate on a land contract. During the marriage, appellee sold her interest in the land contract and applied the proceeds to the couple's living expenses. Appellant also sold one parcel of land and those funds were deposited into the parties' joint checking account.
In 1994, the parties purchased a double wide mobile home which they titled in both their names. The purchase price for the home was approximately $40,000. The parties made a deposit on the home and secured a loan for the remainder of the purchase price. The parties made payments on the home for approximately two years. Later, appellant sold timber that was located on his pre-marital property for a total of approximately $95,000. Appellant used $33,985.96 of these funds to pay off the remaining debt on the home. At trial, appellee admitted that this money was derived from appellant's pre-marital property. The parties also agreed that the home's value at the time of trial was approximately $40,000.
Also in 1994, appellee incurred approximately seven thousand dollars in credit card debt and approximately eleven thousand dollars in debt from two loans from DESCO. Appellee testified that she used the credit cards and the loans to purchase Christmas presents for the entire family, items for Kimberly's new baby, a vehicle for Kimberly and other household items.
In its judgment entry, the trial court granted the parties a divorce. The court found that the trailer was marital property and awarded it to appellant. The court also ordered appellant to pay approximately eleven thousand dollars of the parties' debt, including the Bank One Visa and a six thousand dollar DESCO loan. The trial court ordered appellee to pay approximately nine thousand dollars in marital debt. Because appellant received the parties' only major asset, the trailer, the court awarded appellee $18,226.50 as a distributive award in order to equalize the division of the marital property. Appellant timely appealed from this order.
 II.
As appellant's first three assignments of error are interrelated, we consider them together. In these three assignments of error, appellant argues that the trial court erred in finding that the entire value of the mobile home is marital property and in awarding appellee $18,226.50 as a distributive award. We sustain these three assignments of error.
Trial courts are required to divide marital and separate property equitably between the spouses. R.C.3105.171(B). This requires, in most cases, that marital property be divided equally. Id. at (C)(1). However, if equal division would produce an inequitable result, the property must be divided in such a way as the court determines to be equitable. Id. Separate property is to be distributed to the spouse who brought that property into the marriage, except as further indicated in the statute. Id.
at (D). As the trial court possesses a great deal of discretion in attaining an equitable distribution, the court's division of property shall not be reversed absent an abuse of discretion. See, e.g., Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131; Worthington v. Worthington (1986),21 Ohio St.3d 73, 76; Martin v. Martin (1985), 18 Ohio St.3d 292,294-295. An abuse of discretion connotes more than an error of judgment or law; it suggests an attitude on the part of the court which is unreasonable, arbitrary or unconscionable. See Masters v. Masters (1994), 69 Ohio St.3d 83,85; Rock v. Cabral (1993), 67 Ohio St.3d 108, 112;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Before the trial court reaches the stage of distributing property, it must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(5). This characterization is a factual inquiry and is reviewed under a manifest weight of the evidence standard. Foster v. Foster (Mar. 9, 1993), Pike App. No. 490, unreported. An appellate court will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case. Sec. Pacific Natl. Bank v.Roulette (1986), 24 Ohio St.3d 17, 20; C.E. Morris Constr.Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. We are guided by the presumption that the trial court's factual findings are correct because of the knowledge that the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use the observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,79.
"Marital property" includes all real property that currently is owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a)(i). Thus, property acquired during the marriage is presumed to be marital in nature unless it can be shown to be separate. "Separate property" includes any property acquired by one spouse prior to the date of the marriage. R.C. 3105.171(A)(6)(a)(ii). "Under previous law, the commingling of separate assets and marital property could destroy the character of the separate property, thus transmuting the separate property into marital property." Rinehart v. Rinehart (Dec. 13, 1995), Gallia App. Nos. 94CA26 and 95CA06, unreported. However, R.C. 3105.171(A)(6)(b) now provides that the commingling of separate and marital property does not destroy the character of the separate property unless its identity as separate property is not "traceable." Peck v. Peck (1994), 96 Ohio App.3d 731,734; Freytag v. Freytag (Aug. 15, 1994), Butler App. No. CA93-11-223, unreported. Thus, it appears that the legislature has done away with transmutation in the traditional sense. See 1 Baldwin's Ohio Domestic Relations Law (1997), Section 12.10. Accordingly, the key question is whether an asset may be traced to a separate property source. Peck at 734. The party seeking to establish that an asset or a portion of it is his or her own separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to the separate property. Id.
Here, appellee conceded that appellant owned tracts of land prior to their marriage, that appellant sold timber from one of the tracts and that appellant utilized approximately $34,000 of that money to pay off the remaining loan on their home. Appellant also testified to these facts and introduced a receipt in the amount of $33,985.96 indicating that he paid off the remainder of the home. Therefore, there is no dispute that these funds can be traced to appellant's separate premarital property.
However, after the trial court properly found the trailer to be marital property and awarded it to appellant, it also ordered appellant to pay a distributive award to appellee of $18,226.50. The court apparently felt the distributive award was necessary to compensate appellee for one-half of the trailer's value. The trial court's award is against the manifest weight of the evidence in that appellant traced $33,985.96 of his separate property to the trailer and the trial court provided no explanation for not awarding this portion of the trailer's equity to appellant. See R.C. 3105.171(D) (stating that if the court does not award separate property to its owner, the court must make specific findings of fact). The trial court was correct in finding that the trailer was marital property. However, it erred in "transmuting" the appellant's payment of separate funds in the sum of $33,985.96 into a marital asset in the absence of some finding to explain its failure to award a set-off of that amount against the marital equity in the trailer.
Appellant's first three assignments of error are sustained.
 III.
In his fourth assignment of error, appellant argues that the trial court erred in requiring him to pay debt incurred by appellee during the marriage. A reviewing court will affirm the trial court's division of marital debt absent an abuse of discretion. Eitel v. Eitel (Aug. 23, 1996), Pickaway App. No. 95CA11, unreported. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506.
Appellee testified that she utilized the credit cards and the loans to purchase household items, Christmas presents for the family, including appellant's children, and items for Kimberly's baby. She further testified that she needed to use these funds to purchase household items because appellant began to withhold a portion of his paycheck from the joint savings account. Based on this testimony, there is evidence that the incurred debts benefited both parties. Therefore, the trial court did not act arbitrarily, unreasonably or unconscionably in allocating a portion of the marital debt to appellant.
Appellant's fourth assignment of error is overruled.
 IV.
As appellant's first three assignments of error were sustained, we reverse and remand this matter to the trial court for further action consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED IN PART AND AFFIRMED IN PART and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Kline, P.J.: Dissents with Attached Dissenting Opinion, Evans, J.: Concurs in Judgment and Opinion.
 ________________________ William H. Harsha, Judge