**DELORISE BROWN, M.D., INC., Appellant,**

v.

**ALLIO, Appellee.**

[Cite as *Delorise Brown, M.D., Inc. v. Allio* (1993), 86 Ohio App.3d 359.]

·Court of Appeals of Ohio,
Cuyahoga County.

No. 61763.

Decided Feb. 16, 1993.

*Daniel D. Wilt,* for appellant.

*Daniel C. Turoff,* for appellee.

SPELLACY, Judge.

Plaintiff-appellant Delorise Brown, M.D., Inc. ("appellant") appeals a judgment rendered in its favor for $180 and raises the following assignments of error:

"I. The trial court erred in the legal standard it followed in construing plaintiff-appellant's evidence in its consideration of defendant-appellee's motion for a directed verdict.

"II. The judgment of the trial court is against the manifest weight of the evidence."

Finding that none of these assignments of error have merit, we affirm.

Appellant initiated a breach of contract action against defendant-appellee William C. Allio, contending Allio, who sold it a computer system, failed to deliver hardware and failed to provide adequate training, rendering the system ineffective. The trial court overruled defendant Allio's motion for a directed verdict. The defense then confessed judgment for $180 that appellant spent for an undelivered modem and rested without presenting any evidence. The trial court, acting as the trier of fact, entered judgment for appellant for $180 plus costs.

I

Dr. Delorise Brown is the sole owner, officer, and director of appellant corporation, Delorise Brown, M.D., Inc., an Ohio corporation. In 1987, Dr. Brown asked Allio to design a computer system to handle billing, provide financial data, and contain patient files for appellant's medical office. Dr. Brown knew little about computers and relied on Allio to install a system capable of performing the necessary functions. A computer system was installed in the

summer of 1987. Appellant did not enter a copy of the contract into evidence at trial, but, rather, an invoice for $19,940, which listed the equipment purchased and called for sixteen hours of training and installation.

Dr. Brown testified that there were problems with the system from the beginning. She also stated that not all of the equipment purchased was delivered and that not all of the agreed-upon training took place. Dr. Brown further stated that the system did not perform all of the functions required. She testified that the trainers sent from Allio's office could not operate the system. Sometime in 1988, Dr. Brown lost contact with Allio and engaged several companies in an effort to make the system operational. Some of the software purchased was the same as Allio had installed. Appellant also purchased equipment not called for in the contract with Allio.

Helen Haynes, an employee of appellant, testified that she did not have trouble performing the functions for which she was trained on the computer. She stated that the training ended before all of the functions had been learned. She testified that thousands of codes had to be inputted into the system for all of the programs to perform.

Allio denied that there was any problem with the computer system. He testified that he had personally operated the system. He also stated that he had no reports of problems from his staff. He stated that appellant's staff was not given enough time to learn the system, so they had not grasped entirely how to use it. It was his understanding that not enough data was entered by appellant's staff for training to continue. Allio denied ever becoming unavailable to Dr. Brown. Allio would be personally liable for any breach as the charter of his corporation, Comsoft Systems, was revoked in 1984, before the contract was entered into with appellant.

## II

In its first assignment of error, appellant contends that the trial court applied an incorrect legal standard to appellant's evidence upon consideration of defendant-appellee's motion for a directed verdict. Appellant bases its contention on defendant's alleged breach of an implied warranty of fitness for a particular purpose. Appellant's assignment of error is not well taken.

The trial court did not grant appellee Allio's motion for a directed verdict due to appellant's claim for the modem which was not delivered. Appellee then confessed judgment to the $180 replacement cost to appellant for the modem and rested. The trial court entered judgment for appellant for $180 plus costs.

The first question to be addressed is whether the instant case falls under the ambit of Article 2 of the Uniform Commercial Code as contained in R.C.

Chapter 1302. Article 2 applies to the sale of goods and not to service contracts. *Allied Erecting & Dismantling Co. v. Auto Baling Co.* (1990), 69 Ohio App.3d 502, 591 N.E.2d 259. Ohio courts apply the predominate purpose test when reviewing a mixed contract for goods and services. The issue is "whether the predominant factor and purpose of the contract is the rendition of service, with goods incidentally involved, or whether the contract is for the sale of goods with labor incidentally involved." *Allied Indus. Serv. Corp. v. Kasle Iron & Metals* (1977), 62 Ohio App.2d 144, 16 O.O.3d 303, 405 N.E.2d 307. A review of the evidence shows that the contract primarily was for the acquisition of a computer system with installation and labor incidental to that purpose. The entire cost of the contract was $19,940. The agreement included two days or sixteen hours of installation and training. The purpose of the contract was to acquire a computer system consisting of hardware and software. Ohio courts have found that where both hardware and software are contained within a single agreement, both are considered to be "goods" as defined in Article 2. See *Arlington Electrical Constr. v. Schindler Elevator* (Mar. 6, 1992), Lucas App. No. L–91–102, 1992 WL 43112, unreported. Appellant did not offer a copy of the contract into evidence, but rather offered an invoice from Comsoft Systems listing the goods purchased and the price. The trial court found that a valid contract existed and that finding will not be disturbed on appeal. The instant case will be analyzed pursuant to the provisions of R.C. Chapter 1302.

An implied warranty of fitness for particular purpose may be created pursuant to R.C. 1302.28:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose."

Appellant states that there is no evidence of waiver or modification. The contract was not offered into evidence, so it cannot be determined if any waiver or modification existed.

In order to create an implied warranty of fitness for a particular purpose, the seller must have reason to know of the buyer's particular purpose, the seller must have reason to know that the buyer is relying on the seller's skill or judgment to select the appropriate goods and the buyer must in fact rely upon the seller's skill or judgment. *Hollingsworth v. The Software House* (1986), 32 Ohio App.3d 61, 65, 513 N.E.2d 1372, 1375.

The record reflects that Dr. Brown desired to purchase a computer system to improve billing and input data from patient files. Dr. Brown communi-

cated those desires to Allio. Dr. Brown relied on Allio to select an appropriate system. An implied warranty of fitness for a particular purpose was created in the instant case.

In order to recover, appellant has to prove that the warranty was breached. Whether a warranty has failed to fulfill its essential purpose is ordinarily a determination for the factfinder. *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 537 N.E.2d 624. Further, appellant neither argues nor proves that it did not accept the goods. R.C. 1302.64 governs acceptance. Under R.C. 1302.64(A)(2), acceptance occurs if the buyer fails to reject the goods after having a reasonable time to inspect or, under R.C. 1302.64(A)(3), does any act inconsistent with the seller's ownership. There was no evidence presented that appellant rejected the goods. Appellant substantially changed, replaced, or added to the original system installed by Allio. These acts are inconsistent with Allio's ownership of the goods. Once acceptance occurs, R.C. 1302.65(D) places the burden of establishing a breach on the buyer. R.C. 1302.65(C)(1) requires the buyer to give notice of the breach to the seller within a reasonable time. There is no evidence that appellant gave such notice to Allio. The trial court found that appellant did not meet its burden of proof that the cause of the problems was with the computer system itself or the training its staff received. Appellant offered no evidence as to why the initial system did not perform as expected. Appellant's burden of proof as to the existence of a breach was not met.

There is no reason to address the issue of damages beyond the $180 awarded by the trial court. Appellant has not proved a breach of warranty entitling it to damages.

Appellant's first assignment of error has no merit.

### III

In its second assignment of error, appellant contends that the judgment of the trial court is against the manifest weight of the evidence.

A reviewing court will not reverse the verdict of the trial court where there is substantial evidence upon which the trier of fact could reasonably conclude that all the elements of an offense had been proved. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. It is the trier of facts who is best able to weigh the evidence and pass on the credibility of the witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. A reviewing court should only reverse a judgment as contrary to the weight of evidence in exceptional cases. *State v. Woods* (1985), 25 Ohio App.3d 35, 25 OBR 108, 495 N.E.2d 465.

Appellant first asserts that the cost of the undelivered modem was $1,080, not $180. This is based on one line in the transcript. A review of the record reveals that the $180 figure is repeated several times. An invoice and cancelled check for $180 were entered into evidence. The $1,080 figure clearly is a typographical error and completely unsupported by the evidence.

Appellant also contends that because the system did not meet appellant's requirements or minimal expectations, the decision is against the weight of the evidence.

The trial court heard all of the evidence and found that appellant presented no objective evidence as to why the system did not function. There was conflicting testimony as to why appellant's staff failed to operate the original system. It is for the trier of fact to weigh the evidence presented and to determine the credibility of the witnesses. Appellant did not meet its burden of proof.

Appellant's second assignment of error is not well taken and is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY and BLACKMON, JJ., concur.