DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Portsmouth Municipal Court, Small Claims Division, awarding damages on William L. McCallen's claim that Dave Keller and the Keller Construction Company designed, purchased and installed a heat pump in his houseboat that was inadequate to heat or cool the boat.
The appellant's sole assignment of error reads "THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." The appellant contends that there is no evidence to establish that he was negligent. In addition, the appellant argues that the trial court erred by allowing Mr. McCallen to testify that he assumed that the heat pump in question wasn't large enough to cool his houseboat. He also contends that the trial court erred by admitting a letter from a General Electric representative — the manufacturer of the pump — over his hearsay objection. Although App.R. 12(A)(2) and App.R. 16(A) technically require each purported error to be separately assigned and briefed, we will discuss each of the appellant's contentions.
An appellate court will not reverse the decision of a trial court as being against the manifest weight of the evidence if the trial court's decision is supported by some competent, credible evidence which goes to all the essential elements of the case. C.E. Morris Constr. Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578; Sproviero v. McGarvey (Sept. 18, 1997), Athens App. No. 97CA17, unreported, citing Pacific Natl. Bank v.Roulette (1986), 24 Ohio St.3d 17, 20, 492 N.E.2d 438. This standard of review is highly deferential. If the evidence is susceptible to more than one interpretation, we must give it the interpretation which is consistent with the trial court's judgment. Id., citing Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533. Moreover, a reviewing court must be guided by a presumption that the findings of a trial court are correct since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony. Id., citing In re Jane Doe 1 (1991),57 Ohio St.3d 135, 566 N.E.2d 1181; and Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.
The record indicates that Mr. Keller is a heating and air conditioning contractor. Mr. McCallen met with him in October 1998 and asked him to locate and install a one- hundred and ten (110) volt heat pump in his houseboat. Mr. McCallen tendered $2,000 toward the purchase price for the unit and installation. Several weeks later, Mr. Keller contacted Mr. McCallen and informed him that he had located the heat pump. Mr. McCallen asked him if the unit would cool his houseboat and Mr. Keller affirmed that it would.
Mr. Keller installed a one-hundred and ten (110) volt heat pump along with duct work in Mr. McCallen's houseboat sometime in December 1998 or January 1999. The unit heated the houseboat to about sixty-five (65) degrees during the winter season. However, the unit did not cool the houseboat in the summer. Mr. McCallen notified Mr. Keller who returned and installed external fans in June 1999. This did not cure the problem and on September 22, 1999, Mr. McCallen sent a letter to Mr. Keller requesting return of the purchase price of the heat pump.
While the appellant characterizes the complaint as sounding in negligence, we read this small claims action more broadly. The record contains "some" evidence to establish the elements of an implied warranty of fitness for a particular purpose, and a breach of the warranty. See R.C. 1302.28. An implied warranty is created when the seller has reason to know of the buyer's particular purpose, the seller has reason to know the buyer is relying on his skill or judgment, and the buyer in fact relies on the seller's skill and judgment. Hollingsworth v. TheSoftware House (1986), 32 Ohio App.3d 61, 65, 513 N.E.2d 1372, citingGumbs v. International Harvester, Inc. (C.A.3, 1983), 718 F.2d 88, 92.
Mr. Keller admitted that he is a professional heating and cooling contractor. He also indicated that while he had reservations about the ability of a 110-volt heat pump to cool the boat, he did not
advise Mr. McCallen of that fact. The trial court could have interpreted the evidence to find that Mr. Keller had reason to know Mr. McCallen was relying on his skill and expertise to select a one-hundred ten (110) volt unit that would cool his houseboat. Mr. McCallen relied on Mr. Keller's skill and expertise when he asked if the unit he had located would in fact cool the boat. Furthermore, Mr. McCallen gave notice and the opportunity to cure once he discovered the unit would not cool the boat.
Although not clearly announced, breach of warranty seems to be the basis for the trial court's ruling. The court awarded damages in the amount of the contract price minus the cost of installation of the duct work, and ordered Mr. McCallen to return the heat pump to Mr. Keller. Given the very deferential standard of review in this case, we hold that there is some evidence to support the trial court's ruling based upon a breach of warranty theory.
Moreover, the trial court did not abuse its discretion by allowing Mr. McCallen to testify as to his assumption that the heat pump wasn't large enough to cool his houseboat. Nor did it err by admitting the letter from a General Electric representative over the appellant's hearsay objection. The Ohio Rules of Evidence do not apply to proceedings in the small claims division of a municipal court. Evid.R. 101(C)(8). Based on this rule, a small claims court has discretion to forego the formalistic application of the law of evidence in order to eliminate undue burdens on the parties either in proving or defending against claims. Yeager v. Krohn (Oct. 22, 1999), Fulton App. No. F-99-007, unreported; Turner v. Sinha (1989),65 Ohio App.3d 30, 582 N.E.2d 1018. Given the purposes and informal nature of small claims courts, we find no abuse of discretion by the trial judge. Small claims court is designed to resolve disputes expeditiously and with minimal costs to the parties. A defendant who seeks the more "formal" procedure of the regular docket of a municipal or county court is free to seek a transfer of the case under R.C. 1925.10.
Mr. McCallen's testimony was in the nature of a layman's opinion as to why the heat pump did not cool his houseboat. The alternative to admitting the testimony would be to require the appellee to call an expert witness concerning the proper size unit for the houseboat. The trial court reasonably concluded that this would place an undue burden on the appellee in proving his claim.
Likewise, the trial court acted within its discretion when it admitted the letter from the General Electric representative. The letter is from Bill Bower, a Program Manager at General Electric Appliances, and states in part:
 "I have relied on statements of a GE Customer Care service company (sic) regarding this matter as it concerns the installation and sizing of the unit, which your letter confirms, as it relates to sizing, is incorrect."
The letter is hearsay upon hearsay when taken to establish that the air-conditioning/heat pump unit was not the correct size for the houseboat. However, the alternative to admitting the letter would be to require the appellee to subpoena the witness into court. Given the context of a small claims court, it was not arbitrary and unreasonable for the trial court to admit the letter in light of the burden on the appellee in producing the witness.
More importantly, the appellee's own testimony is some evidence that the heat pump did not perform as warranted, even without the evidence concerning incorrect sizing. The proponent of an implied warranty of fitness claim need not establish negligence to prevail. See Leal v.Holtvogt (1998), 123 Ohio App.3d 51; Delorise Brown, M.D.,Inc. v. Allio (1993), 86 Ohio App.3d 359; The Ball Works,Inc. v. Lima Lawnmower, Inc. (June 27, 1997), Lucas App. No. L-96-237, unreported. The proponent need only establish a breach of the warranty by showing that the goods were not fit for the particular purpose intended.Delorise Brown, M.D., Inc. at 363. Thus, it was at most harmless error to admit Mr. McCallen's testimony and the letter from the General Electric representative. "Error in the admission of evidence is not ground for reversal unless substantial rights of the complaining party were affected or it appears that substantial justice was not done." Pettiv. Perna (1993), 86 Ohio App.3d 508, 515, 621 N.E.2d 580, citing O'Brien v. Angley (1980), 63 Ohio St.2d 159,407 N.E.2d 490. The trial court is in the best position to determine the reliability of the proffered evidence, and we will not disturb the verdict absent some showing of prejudice to the Appellant. Civ.R. 61.
Because we find that there is some competent, credible evidence to support all the essential elements of at least one theory for relief, the appellant's assignment of error is overruled.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ABELE, J. EVANS, J.: Concur in Judgment and Opinion