OPINION
Appellant, David Cox, d.b.a. Abacus Computer Services ("Cox"), agreed with appellee, Jean Kerr, d.b.a. Kerr's Advertising, ("Kerr"), to build a computer for her, i.e., provide hardware and operating system, excluding software. Appellee had purchased other computers for light duty, desktop publishing, but had no success in operation. Both parties agree appellee is not computer literate. When appellee was unable to operate her own software in the system installed by appellant, she filed a claim against appellant, alleging a breach of contract.[1] The Painesville Municipal Court, by its magistrate, conducted a trial and rendered a $1,399.08 judgment in favor of appellee against appellant. Four objections were raised, three ultimately presented, and the trial court subsequently granted judgment in said amount.
From this adverse judgment, appellant appeals, assigning three errors:
 "[1.] The trial court's decision is against the weight of the evidence.
 "[2.] The trial court erred by admitting into evidence appellee's Exhibits 9 and 10.
 "[3.] The trial court erred by ordering appellant to refund appellee's purchase price without ordering appellee to return the computer."
 In reviewing the issue of whether the judgment is against the manifest weight of the evidence, deference is to be given to the fact finder, and the judgment will be affirmed if the decision was based upon some competent, credible evidence on all essential elements of the case. C.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
The gist of appellant's first assignment of error is that there is a want of any evidence either that the computer did not work, or, if established that it did not work for appellee, a reason why it did not work. Appellant's expert tested the machine and testified that it worked properly.
Appellant posits several options as to why the computer did not work: (1) the computer or operating system was defective, (2) appellee's software was defective; or (3) appellee was unable, personally, to operate an otherwise operable computer.[2]
Appellee relies on Exhibit Nos. 9 and 10 as demonstrating by repair estimates that the computer was defective.[3]
The magistrate and trial court took a different approach. In overruling appellant's motion to dismiss, the magistrate said:
 "I am going to overrule your motion, Mr. Hiener, I disagree with you. The testimony is that she bought a computer to run her software applications and it didn't run her software applications and the exhibits and the testimony are that it hasn't worked. I don't care why it doesn't work. I don't think that that's what this case is about. The case is about promissory estoppel, at least it looks like that way to me as I'm sitting here having heard your client and having heard Mr. Deeb's client. She did not get what she asked for is what it looks like to me. And wrong with it? I don't know. I don't think it's important. * * *"
 Appellant relies upon Delorise Brown, M.D., Inc. v. Allio
(1993), 86 Ohio App.3d 359, for the proposition that the failure to present competent evidence of the cause of the problems — there, as between defects in the computer system versus failure in the training of operating staff personnel — renders evidence insufficient to allow a finding of breach of contract.
The small claims court complaint simply recites: "* * * she [appelee] purchased a computer from the defendant [appellant]. Pltf. [appellee] also states that this computer has never worked properly and even though said computer is under warranty, def. charged pltf. to fix computer and to date still does not work properly."
Here, appellee testified that the computer was faulty and did not work, even though there were repeated efforts to correct the same to her satisfaction.
The court, as the judge of credibility of the witnesses, had the right to believe the testimony of appellee. Upon all of the circumstances of this small claims case, the trial court did not render a decision that was contrary to the manifest weight of the evidence. Appellee did not get the consideration she bargained for, and the court fashioned an appropriate remedy. Accordingly, the first assignment of error is without merit.
Under the second assignment of error, appellant argues that Exhibit Nos. 9 and 10 contain inadmissible hearsay and are therefore inadmissible; that without these exhibits there is no nexus between the claim of appellee and appellant, vendor of the computer.[4]
As evidence that the computer was defective, these exhibits are clearly hearsay. Counsel for appellant pointed out to the trial court that he was denied the right inherent in the need for direct testimony, i.e., the right to challenge the "testimony" and cross-examine the declarant. We are also mindful that this was originally presented in the informal venue of a small claim and that, in this case, the exhibits were demonstrated to opposing counsel before the trial began.
The issue of whether hearsay was inadmissible in this case on the issue of failure to operate properly for the appellee is immaterial.[5]
Accordingly, the second assignment of error is with merit.
Finally, under the third assignment of error, appellant argues that, even if the first two assignments of error are overruled, the court erred in not ordering the return of the computer upon refund of the entire purchase price.
Having granted judgment for damages for breach of contract, the trial court should have ordered the return of the computer to the seller upon satisfaction of that judgment. The third assignment of error is well taken, and this court orders what the trial court should have, that the computer be returned to the seller upon satisfaction of the judgment.
Based on the foregoing analysis, the judgment of the Painesville Municipal Court is affirmed in part; reversed in part, and the cause is remanded for further proceeding.
 ______________________________ MILLIGAN, J., Ret.
NADER, P.J., concurs in judgment only,
O'NEILL, J., concurs.
[1] At one point, a defective motherboard was replaced under warranty.
[2] Appellee was foreclosed by ruling in limine from presenting any expert testimony as a consequence of failure to provide a report prior to trial, by way of discovery. None was proffered.
[3] See Assignment of Error No. 2.
[4] Appellee's claim that there was no objection to these exhibits is facially incorrect.
[5] See the first assignment of error above.