DECISION AND JUDGMENT ENTRY
Mutih Skeini appeals the judgment entered by the Gallia County Court of Common Pleas in favor of Kenneth Johnson. While he does not specifically assign any errors, appellant alleges in his brief that the court's judgment was not supported by reliable, probative and substantial evidence. He also asserts that the court erred in failing to consider whether a prescriptive easement existed over appellee's property.
Appellant and appellee are adjacent landowners. Appellant owns a business while appellee owns rental property that includes a mobile home and a driveway. Delivery trucks and other service vehicles used appellee's driveway to access appellant's business and parked in front of appellee's mobile home. In October 1999, appellee erected posts that prevented appellant's continued use of this driveway for business purposes.
Appellant filed a complaint seeking removal of the posts. At the trial to the court, appellant argued that there was a thirty-foot easement that allowed his customers and suppliers to cross appellee's property. He further argued that R.C. 713.13 prevents appellee from erecting the posts.
The court rejected both of appellant's contentions. The trial judge found that the evidence demonstrated that no easement existed. Further, the court found that appellee did not violate any zoning ordinances or regulations by installing the posts. Therefore, the court ruled in favor of appellee and allowed the posts to remain.
Appellant filed a timely appeal from this decision. He requested a transcript from the court reporter as required by the appellate rules but apparently never tendered the required deposit. Therefore, no transcript was included in the record. Following oral argument, we granted appellant's motion to supplement the record with a transcript.
Appellant's first "assignment of error" alleges that the court's decision was not supported by reliable, probative and substantial evidence. Essentially, appellant argues that the court's decision was against the manifest weight of the evidence.
An appellate court will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case. Sec. Pacific Natl. Bank v. Roulette
(1986), 24 Ohio St.3d 17, 20; C.E. Morris Constr. Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 280. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. We are guided by the presumption that the trial court's factual findings are correct because of the knowledge that the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79.
At trial, appellant testified that the posts installed by appellee violate the local zoning ordinance because they are located within the State of Ohio's thirty-foot easement. Appellant acknowledged that the disagreement between he and appellee has been ongoing for many years. He also testified that trucks servicing his business only parked on appellee's property when there was nowhere else for them to park and they only remained for approximately ten to fifteen minutes while they unloaded.
Appellee testified that he has had trouble renting his property because of the delivery trucks parking on his property. He introduced photographs showing delivery trucks completely blocking his mobile home and photographs of the posts he installed. Appellee testified that he has repeatedly asked appellant not to allow the trucks to park there but the problem has not abated. Appellee also indicated that before erecting the posts, he checked with the zoning officials and the city solicitor. Both confirmed that there were no laws prohibiting the posts. He also checked with the county engineer and was informed that, according to the Ohio Department of Transportation, he owns the land up to the curb. Appellee testified that the State of Ohio did not purchase an easement from him when it widened Eastern Avenue, where the property is located.
John McDade, the code enforcement officer for the City of Gallipolis, testified that appellee contacted him regarding the posts. Mr. McDade checked the zoning codes and regulations and spoke to the city solicitor. He could find no zoning ordinances or other regulations that would prohibit the erection of the posts. Further, he knew of no easement owned by the State of Ohio.
Glen Smith, the county engineer, testified that defendant's exhibit K was a plat from the Ohio Department of Transportation covering Gallia County. He testified that the document indicates an existing right-of-way. However, he found no records that the State of Ohio purchased any extra easement at a later date. The plat indicated a temporary right-of-way that the State took so they could build the curb and the gutter. Once it was finished, however, the State would no longer retain possession. Mr. Smith testified that the posts did not appear to be in any right-of-way.
On cross-examination, appellant showed Mr. Smith another plat indicating a thirty-foot easement. This document was not introduced into evidence but apparently is attached to appellant's complaint. Mr. Smith indicated that the road now encompasses the entire right-of-way, which begins at the center of the road and ends at the curb. However, according to the plans, the State has no easement beyond the curb.
We find that there is ample evidence in the record to support the trial court's determination that the State of Ohio does not possess a right-of-way on appellee's property. Therefore, appellee was free to install the posts on his property even if they prevented trucks from accessing appellant's store. The evidence further supports the court's finding that R.C. 713.13 was not violated because appellee did not violate any zoning ordinances or regulations. Therefore, appellant's first "assignment of error" is overruled.
In his second "assignment of error," appellant argues that the court erred in failing to consider whether appellant had established that a prescriptive easement in his favor existed over appellee's land. In his brief, appellant concedes that he did not learn about prescriptive easements until he was researching for this appeal. Therefore, it is clear that appellant did not raise this issue in the lower court.
It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, we will not consider issues that an appellant failed to raise initially in the trial court.Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33. Because appellant failed to raise this argument in the trial court, he has waived it on appeal. Appellant's second "assignment of error" is overruled.
Having found no error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J. Concur in Judgment and Opinion.
 _______________________ William H. Harsha, Judge