**PARKER, n.k.a. Webb, Appellee,**

v.

**PARKER, Appellant.**

[Cite as *Parker v. Parker* (1993), 86 Ohio App.3d 727.]

Court of Appeals of Ohio,
Marion County.

No. 9–92–59.

Decided March 16, 1993.

*Sara Logsdon–Babich,* Assistant Prosecutor, Marion County Child Support Enforcement Agency, for appellee.

*Ted. I. Coulter,* for appellant.

Evans, Presiding Judge.

This is an appeal by defendant James Alfred Parker from a order of the Court of Common Pleas of Marion County reducing to judgment the defendant's support arrearages, and ordering him to make weekly payments through wage withholding.

Wavie Faye Parker, now Wavie Webb, and James Parker (appellant) were divorced on October 22, 1969. At the time of the divorce, the parties had three minor sons, for whose support appellant was ordered to pay $40 per week.

Following the divorce, the parties continued to live together, and during that period of cohabitation Wavie gave birth to a fourth son, Richard. After approximately two to three years, the parties separated permanently. Appellant was not adjudicated to be the father of Richard until 1984.

On February 20, 1992, appellant filed his motion for determination of child support arrearages. Appellant requested that he be given a credit for the time the parties cohabited following the divorce, since, although he had failed to make payments through the clerk's office as ordered, he had provided support for his family during the time they were together. The Marion County Department of Human Services then filed its motion requesting that the court determine to what extent it was entitled to the child support arrearages, having provided for the

support of appellant's dependents during those periods in which appellant had failed to pay support as ordered.

On May 15, 1992, a hearing was held on the motions, before the domestic relations referee. Following the hearing, the referee filed his report, to which appellant timely filed objections. On October 6, 1992, the trial court overruled appellant's objections and incorporated the referee's report into the court's final judgment entry. The court determined that appellant was in arrears in the amount of $13,980. This was the amount the court found owing after granting a credit for the period of cohabitation during which appellant supported his family in lieu of payment to the clerk's office. Considering the evidence presented, the court found this period to be two and one-half years, and granted appellant a $5,200 setoff against the total arrearages. Appellant was ordered to make payments of $50 per week to the Marion County Department of Human Services until the judgment was satisfied.

Appellant has appealed the court's order, contending that he should have been granted a larger credit. He asserts two assignments of error.

## ASSIGNMENT OF ERROR NUMBER ONE

"The trial court erred in ruling there cannot be retroactive modifications of child support orders granting credits for periods the parties live together based on public policy and Ohio Revised [Code] Section 3113.21(M)(3)."

Appellant argues that the court's application of R.C. 3113.21(M)(3) (prohibiting retroactive modification of delinquent support unless previously requested by motion) to his case is a retroactive application of a statute which is barred by R.C. 1.48 (application of a statute may only be prospective unless expressly made retrospective), for the reason that the statute became effective after the parties were divorced. However, we find appellant's argument not well taken. Although the court purported to apply the statute in refusing to grant a retroactive modification of support based on the parties' cohabitation after divorce, a "credit" of $5,200 was granted to appellant on the basis of the cohabitation period as determined by the referee. See discussion of this finding, *supra*. Thus, although the trial court purported to apply the statute, the actual result is that the statute was not applied, and a retroactive modification of support *was* effected.

Appellant further contends that the court abused its discretion in failing to modify the ordered support retroactively to the time that the parties' oldest son, Travis, became emancipated. Travis became emancipated in June 1982. On September 23, 1982, the court filed a journal entry ordering appellant to continue paying $40 per week as support for his minor children, until further order of the

court. Therefore, the amount of time for which appellant requests a reduction in support to $26.66 per week is approximately ten weeks. Thus, the amount of modification appellant would be entitled to is approximately $130.

■ Although generally a parent's obligation to support his child is terminated when that child reaches majority, see *Bercaw v. Bercaw* (1989), 45 Ohio St.3d 160, 161, 543 N.E.2d 1197, 1198–1199, we find that appellant is not prejudiced by the court's refusal to make such a trifling modification, since there is no evidence on the record that he was ever ordered to pay additional support for his youngest child until paternity was adjudicated in 1984, when the child was over twelve years old.

The first assignment of error is overruled.

## ASSIGNMENT OF ERROR NUMBER TWO

"The trial court erred in ruling a credit for child support should only be granted for two and one-half (2½) years as it was against the weight of the evidence."

■ It is well established that a reviewing court is guided by a presumption of correctness of the trial court proceedings and judgment. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. Thus, as a reviewing court, we must defer to that presumption when an appellant complains that the judgment of the trial court is against the manifest weight of the evidence, if, after a thorough review of the record we find that there is any "competent, credible evidence" that supports the judgment. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578, 579. The Supreme Court has further emphasized that an appellate court must not substitute its judgment for that of the trial court based on its own opinion as to the veracity of the witnesses or the reliability of the evidence presented, as the trier of fact is in the best position to make such determinations. *Security Pacific Natl. Bank v. Roulette* (1986), 24 Ohio St.3d 17, 19–21, 24 OBR 14, 15–18, 492 N.E.2d 438, 439–441.

■ We have reviewed the record herein, and find that the referee's findings and conclusions were supported by "some competent, credible" evidence. Although the witnesses' testimony was confused and conflicting as to the number of years the parties cohabited following their divorce, sufficient evidence was presented by Wavie to support the referee's finding that the parties resided together for two and one-half years. As the trier of fact, the referee had the discretion to make that finding and conclude that appellant should be granted a credit for unpaid support during those two and one-half years. See *id.* There-

fore, under Ohio law, the trial court's judgment was not against the manifest weight of the evidence. The second assignment of error is overruled.

Having found no error prejudicial to appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.