DECISION AND JUDGMENT ENTRY
Christina Campbell appeals the judgment of the Highland County Court of Common Pleas in favor of Linda Marple on both Ms. Campbell's complaint and Mrs. Marple's counterclaim. She assigns the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 The Trial Court's decision that the Appellee did not breach the sales agreement by failing and refusing to guide and assist the Appellant in the operation of the store was against the manifest weight of the evidence.
SECOND ASSIGNMENT OF ERROR
 The Trial Court erred in finding that the Appellee's action in selling a business, subject to a judgment for failure to pay sales tax without disclosing this fact and without obtaining a certificate of compliance from the Tax Commissioner did not justify Appellant's rescission of the sale.
THIRD ASSIGNMENT OF ERROR
 The Trial Court erred in granting judgment in favor of Appellee on her counterclaim when Appellee had never produced a receipt or certificate complying with R.C. 5739.14.
We overrule each of these assignments of error and affirm the judgment of the trial court.
 I.
Linda Marple was the owner of a retail craft business known as "Ragtime Dolls" located in Greenfield, Ohio. On June 1, 1998, Mrs. Marple and Ms. Campbell entered into an oral contract whereby Mrs. Marple agreed to sell Ms. Campbell the business. Ms. Campbell made a payment of $10,000 on June 1, 1998 and agreed to pay an additional $10,000 in four bi-monthly installments. The sale of the business included the current inventory and fixtures, with a few exceptions. Mrs. Marple also agreed to provide Ms. Campbell with advice and assistance for thirty days.
Ms. Campbell asserts that Mrs. Marple failed to provide her with the promised guidance and stopped coming to the store. Ms. Campbell also discovered that the State of Ohio had a judgment against the business for $2,115.14 for unpaid sales tax. For these reasons, Ms. Campbell refused to pay the remaining money owed on the contract and notified Mrs. Marple of her intention to rescind the contract.
Mrs. Marple refused to rescind the contract. At trial, she testified that she provided Ms. Campbell with the promised assistance. However, two weeks after the sale of the business, Ms. Campbell changed the locks and Mrs. Marple could no longer enter the premises. Though Mrs. Marple stopped by and called several times during normal business hours, she was never able to reach Ms. Campbell. Mrs. Marple admitted that she owed the sales tax and testified that she informed Ms. Campbell that she would satisfy the judgment with the money from the first $2500 payment owed by Ms. Campbell. Though she never received the payment, Mrs. Marple testified that she paid the sales tax that was owed prior to trial and the lien was released.
Ms. Campbell's complaint sought rescission of the contract and the return of the $10,000. Ms. Campbell also sought damages in the amount of $28,600. Mrs. Marple filed a counterclaim for $10,000, the amount still owed on the contract.
Following a bench trial, the court entered judgment in favor of Mrs. Marple on Ms. Campbell's complaint. The court also awarded Mrs. Marple $10,000 on her counterclaim. Mrs. Campbell filed a motion for a new trial that was denied by the court. A timely appeal was filed.
 II.
In her first assignment of error, Ms. Campbell asserts that the trial court's finding that Mrs. Marple did not breach the contract by failing to assist her in the operation of the store for thirty days was against the manifest weight of the evidence. The court found that Mrs. Marple "made fair and reasonable effort[s] to comply with their agreement of sale by supplying [Ms. Campbell] with training and assistance in learning how to operate the store; how to price merchandise; to contact suppliers and to order from them; and by introducing plaintiff to all customers as the new owner." The court further found that Ms. Campbell changed the locks without providing Mrs. Marple access to the store, kept irregular hours, and failed to coordinate a thirty-day working schedule. The court held that these factors significantly contributed to Mrs. Marple's failure to assist Ms. Campbell for the full thirty days and, therefore, Mrs. Marple was excused from further performance of this contract provision.
An appellate court will not reverse a trial court's judgment as being against the manifest weight of the evidence so long as it is supported by any competent, credible evidence going to all of the essential elements of the case. Sec. Pacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17,20; C.E. Morris Constr. Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. We are guided by the presumption that the trial court's factual findings are correct because the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79.
Mrs. Marple testified that she agreed to train Ms. Campbell in the store's basic operations for thirty days but she never agreed to assist her every day. Mrs. Marple testified that she took Ms. Campbell to Columbus on one occasion to introduce her to the suppliers. Mrs. Marple also gave Ms. Campbell her files and showed her the books she ordered her supplies from, worked beside her, introduced her to customers, and ran store errands for Ms. Campbell for two weeks. After two weeks, Mrs. Marple came to the store and discovered that the locks had been changed. Mrs. Campbell stopped opening the store on a regular basis and did not contact Mrs. Marple for further assistance.
Ms. Campbell testified that Mrs. Marple only assisted for three or four short days and took her to a wholesale house in Columbus. She also testified that she changed the locks because she believed someone was entering the store after hours and she did not give Mrs. Marple a key because Mrs. Marple indicated that she was no longer assisting with the store.
Based on this testimony, we cannot find that the trial court's decision was against the manifest weight of the evidence. The trial court was free to credit Mrs. Marple's testimony that she provided assistance to Ms. Campbell for two weeks and only stopped helping when the locks were changed and that Ms. Campbell failed to open the store on a consistent basis. "* * *[A] contracting party who prevents the other party from performing under the contract cannot urge or avail himself of the nonperformance which he himself has brought about." 18 Ohio Jurisprudence 3d (1980) 164, Contracts, Section 247. Furthermore, "[f]ailure to perform a promise is excused where performance is prevented by the other party."Id. at 166, Section 249. See, also, Dayton Power Light Co. v. Henry
(Oct. 25, 1996), Greene App. No. 96-CA-0054, unreported; S A Wright,Inc. v. Willard Improvement Co. (Sept. 1, 1983), Cuyahoga App. No. 46411, unreported, citing Werner v. Biederman (1940), 64 Ohio App. 423. Therefore, we conclude that there is competent credible evidence to support the court's finding that Ms. Campbell prevented Mrs. Marple from assisting her for thirty days as required by the contract and, consequently, Mrs. Marple was excused from performing that provision of the oral contract.
Ms. Campbell's first assignment of error is overruled.
 III.
In her second assignment of error, Ms. Campbell asserts that the trial court erred in finding that Mrs. Marple's sale of the business without disclosing the sales tax judgment against it and failure to obtain a certificate of compliance from the tax commissioner did not justify rescission of the sale. In her third assignment of error, Ms. Campbell argues that the court erred in granting judgment in favor of Mrs. Marple on her counterclaim when she had never produced a receipt or certificate complying with R.C. 5739.14. We consider these assignments together.
The trial court found that Mrs. Marple performed her contractual obligations and that Ms. Campbell suffered no loss or damage due to the tax assessment levied against the business. Therefore, Ms. Campbell was obligated to pay the $10,000 still owed to Mrs. Marple for the purchase of the business. We agree.
Initially, we note that this was an oral contract and neither party testified to any express agreement regarding Ms. Campbell's right to rescind if money was owed to creditors. R.C. 5739.14 provides that:
 If any person liable for the taxes levied by or pursuant to sections 5739.01 to 5739.31, inclusive, of the Revised Code, sells his business or stock of merchandise, or quits his business, the taxes and interest or penalty imposed by or pursuant to such sections on sales made prior to that time shall become due and payable fifteen days after the date of selling or quitting business. His successor shall withhold a sufficient amount of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until the former owner produces a receipt from the tax commissioner showing that the taxes, interest, and penalties have been paid, or a certificate indicating that no taxes are due. If the purchaser of the business or stock of goods fails to withhold purchase money, he shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid during the operation of the business by the former owner.
Mrs. Marple concedes that she did not pay the sales tax owed within fifteen days of the sale of the business. However, this statute does not provide for the rescission of a contract based on the prior owner's failure to pay taxes; it merely outlines the parties' obligations to the state. This section places a burden on the purchaser of a business to determine whether sales taxes are owed. If taxes are owed, the purchaser is required to withhold the amount of taxes due from the purchase money or become personally liable for that amount. State v. Sloan (1956),164 Ohio St. 579, 581. Ms. Campbell never became personally liable for the taxes owed because she had not paid the full purchase price and Mrs. Marple later paid the amount in full.
Ms. Campbell did not produce any evidence that the oral contract allowed rescission if taxes were owed at the time of sale or if she was not provided with the certificate of compliance. While she did not explicitly state so, it appears from Mrs. Campbell's testimony that Mrs. Marple agreed to pay all liabilities incurred by the store until the date of its sale. However, there was no testimony regarding the date by which such liabilities needed to be paid.
Contracts may be subjected to an implied duty of good faith unless they expressly state otherwise. Adams v. LCI Int'l Telecom Corp. (July 20, 2000), Franklin App. No. 99AP-1199, unreported. Mrs. Marple testified that she paid the owed sales tax, though when the lien was released is unclear from the record. Given that Mrs. Marple paid the sales tax, albeit after she was required to by R.C. 5739.14, we cannot find that she breached any implied duty of good faith, assuming there was one. Further, the trial court found that Ms. Campbell never suffered any ill effects as a result of the judgment lien against the store. Therefore, the trial court's judgment that rescission of the contract and damages were inappropriate is supported by the evidence and the second assignment of error is overruled.
In her third assignment of error, Ms. Campbell asserts that the court erred in finding in favor of Mrs. Marple on the counterclaim because she did not produce a copy of the certificate stating that no taxes were due. While we agree with Ms. Campbell that the better practice would have been for Mrs. Marple to introduce the certificate into evidence, this was not necessary for the court to enter judgment in favor of Mrs. Marple.
As discussed above, R.C. 5739.14 requires a purchaser of a business to withhold money for taxes owed until sufficient proof of payment is provided by the former owner. Under this statute, Ms. Campbell was authorized to withhold the amount Mrs. Marple owed in sales tax, $2,115.14, until the certificate was provided. However, Ms. Campbell still owed $10,000 to Mrs. Marple pursuant to the oral contract and the court properly awarded this amount to Mrs. Marple. Furthermore, Mrs. Marple testified at trial that she had paid the amount owed and had been told that a release of the judgment would be mailed to the courthouse.
Contrary to Ms. Campbell's argument, R.C. 5739.14 does not relieve a purchaser from paying money owed for the purchase of a business when past sales tax is owed. Rather, it allows the purchaser to withhold only the amount owed in taxes and only until the receipt for the taxes is produced by the seller. Therefore, Ms. Campbell's third assignment of error is overruled.
Finding no merit in any of Ms. Campbell's assignments of error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Abele, J. and Evans, J.: Concur in Judgment and Opinion
 _________________________ William H. Harsha, Judge