DECISION
Defendant-appellant, Paul Baybutt, appeals the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, which ordered that appellant receive only a $2,298.40 credit toward his spousal support obligations. Appellant first argues that the trial court erred by finding that a November 27, 1992 payment was an attempt to fulfill his obligations under the temporary order. We disagree, because some competent, credible evidence supports the trial court's finding that appellant intended that the payment apply toward the temporary order. Appellant next argues that the trial court incorrectly calculated the amount of his arrearage. Because we find that the trial court erred by not crediting appellant for a December 31, 1992 payment, we agree. Appellant finally argues that the trial court should have off-set his child support obligation rather than his spousal support obligation. Because appellant failed to make this argument to the magistrate or to the trial court, he has waived it.
Plaintiff-appellee, Kathryn Baybutt, cross-appeals the same decision, but has failed to prosecute her appeal. Accordingly, we dismiss appellee's cross-appeal.
In 1991, appellee filed for divorce. In June 1991, the trial court issued a temporary spousal support order requiring appellant to pay $2,652 per month to the county child support enforcement agency ("agency"). Appellant paid $3,651 to the agency on November 27, 1992. In January 1993, the trial court filed the final decree of divorce. The decree required appellant to pay $2,805 per month in spousal support starting on December 1, 1992. The divorce decree also provided:
 Upon the sale of the residence, Kathryn Baybutt shall pay the present balance due in the approximate amount of One Thousand Four Hundred Dollars ($1400.00) for a bank overdraft that the parties owe and approximately Four Thousand Eight Hundred Dollars ($4,800) present balance on a Visa account that the parties owe, and close both accounts. If Paul Baybutt should have to pay any payments on either the overdraft or Visa after the date of this agreement, Kathryn Baybutt shall reimburse him for those payments upon the sale of the house.
Appellee failed to pay the Visa, which was a joint account. Appellee later discharged in bankruptcy her obligation to the bank where she had the Visa account. In 1994, appellant paid the $5,950 remaining balance on the Visa account, because appellee's bankruptcy did not affect his responsibility to pay the bank. The $5,950 amount represented the $4,800 amount plus interest.
In 1999, appellant filed motions to modify child support, for an adjustment court hearing, and to off-set amounts against spousal support. Appellant later withdrew the request to modify child support and for an adjustment court hearing. On September 9 and 10, the magistrate heard testimony on the motion to off-set. At the hearing, appellant testified that he intended the November 27, 1992 payment to be for the support due on December 1, 1992 under the final decree.
The magistrate found that appellant was entitled to a credit of $1,543.92 in his spousal support payments. The magistrate calculated that appellant was $4,046.58 in arrears, but entitled to reimbursement of $5,590 for the Visa payment. The magistrate declined to credit appellant for the November 27, 1992 payment because it was made under the temporary order.
Appellant filed objections to the magistrate's report. Appellant first objected to the arrearage calculation. He claimed that the November 27, 1992 payment should have been credited to the spousal support required by the final decree instead of that required by the temporary order. Appellant then objected to the $5,590 set-off, claiming that the court made a typographical error by setting-off $5,590 instead of $5,950. Appellant finally claimed that the magistrate failed to consider the tax implications of crediting the Visa set-off to spousal support and erred in failing to award pre-judgment interest.
The trial court found that appellant intended the November 27, 1992 payment as a payment toward the spousal support required by the temporary order. The trial court considered that the payment was made while the temporary order was in effect and that appellant was over $6,000 in arrears under the temporary order. The trial court then found appellant paid $5,950 for the Visa bill, not $5,590. The trial court found that the magistrate did not err by failing to consider the after-tax income that appellant used to pay the Visa bill, or by declining to award pre-judgment interest. In so doing, the trial court noted that appellant had waited six years to attempt to recover for the payment. Thus, the trial court concluded that appellant was entitled to only a $2,298.40 credit in his spousal support.
Appellant appeals, and asserts the following assignments of error:
 I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FOUND THAT THE DEFENDANT APPELLANT HAD AN ARREARAGE IN CHILD SUPPORT AND SPOUSAL SUPPORT.
 II. THE TRIAL COURT INCORRECTLY CALCULATED THE AMOUNT OF THE DEFENDANT APPELLANT'S ARREARAGE IN SUPPORT BY NOT INCLUDING THE DEFENDANT APPELLANT'S DECEMBER 31, 1992 PAYMENT.
 III. THE TRIAL COURT INCORRECTLY OFFSET THE AMOUNT OF THE VISA BILL AGAINST THE DEFENDANT APPELLANT'S SPOUSAL SUPPORT OBLIGATION.
Appellee filed a notice of cross-appeal, but never filed a brief in either the appeal or cross-appeal.
In his first assignment of error, appellant argues that the trial court abused its discretion by finding that he was in arrears on his spousal support. Appellant asserts that the trial court erred by finding that the November 27, 1992 payment was an attempt to fulfill his obligations under the temporary order because there is no evidentiary basis for such a conclusion.
Appellant first argues that his uncontradicted testimony establishes that he made the payment in an effort to comply with the final decree. Appellant seems to be under the impression that his testimony concerning his intent in making the November 27, 1992 payment, standing uncontradicted, is somehow conclusive proof that he made the payment to comply with the final decree. We disagree. The credibility of appellant's testimony was an issue to be resolved by the trial court, as a trier of fact. See, e.g., State v. Frazier (1995), 73 Ohio St.3d 323, 339. The trial court, as the trier of fact, was free to believe all, part, or none of appellant's testimony. State v. Nichols (1993), 85 Ohio App.3d 65,76. The mere fact that no contradictory testimony concerning appellant's intent was presented did not, ipso facto, require the trial court to accept appellant's testimony. See State v. Campbell (1992),79 Ohio App.3d 667, 680.
Appellant also asserts that he had no obligation under the temporary orders of the trial court at the time he made the payment. We disagree. Until the trial court journalized the final divorce decree, appellant was obligated to pay the temporary spousal support.
Whether appellant intended the payment to comply with the temporary support order or the final decree is a question of fact. We will not reverse a trial court's factual determinations as long as the record contains some competent, credible evidence supporting the determination.Security Pacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17, 20. Some competent, credible evidence supports the trial court's finding that appellant intended that the November 27, 1992 payment apply toward the temporary order. Appellant was obligated to pay the temporary spousal support and had over a $6,000 arrearage on November 27, 1992. The final decree indicated that appellant was to begin paying spousal support pursuant to the decree on December 1, 1992. Thus, we find that the trial court did not err in finding that the November 27, 1992 payment was made pursuant to the temporary support order. Accordingly, we overrule appellant's first assignment of error.
In his second assignment of error, appellant argues that the trial court incorrectly calculated the amount of his arrearage because the agency arrears calculator failed to include a December 31, 1992 payment. The calculator contained an "end date" for December 1992 of "12/30/92" and indicates that no payments were made in December 1992 even though a separate payment listing includes the December 31, 1992 payment.
Appellant raised this issue at the September 9, 1999 hearing and in a supplemental memorandum to his objections to the magistrate's report. Appellee did not dispute this issue in her reply memorandum. However, the trial court did not address this issue in its opinion.
Thus, we find that the trial court erred by not crediting appellant for the December 31, 1992 payment. Accordingly, we sustain appellant's second assignment of error.
In his third assignment of error, appellant argues that the trial court should have off-set his child support obligation rather than his spousal support obligation. Appellant failed to make this argument to the magistrate or to the trial court and thus has waived it. Stores Realtyv. Cleveland (1975), 41 Ohio St.3d 41, 43; Lippy v. Society Natl. Bank
(1993), 88 Ohio App.3d 33 . Accordingly, we overrule appellant's third assignment of error.
In sum, we overrule appellant's first and third assignments of error, sustain appellant's second assignment of error, and dismiss appellee's cross-appeal. Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand this case for a re-calculation of appellant's spousal support arrearage.
BROWN and LAZARUS, JJ., concur.
KLINE, J., of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 _____________ KLINE, J.