DECISION AND JUDGMENT ENTRY
Troy Zinn appeals the denial of his petition for post-conviction relief by the Jackson County Court of Common Pleas. He alleges that the trial court erred in finding that his petition was untimely filed because he was not unavoidably prevented from discovering the facts upon which he relied in his petition. Because some competent, credible evidence supports the trial court's finding, we disagree. Accordingly, we affirm the decision of the trial court.
 I.
In June 1997, a grand jury charged Zinn with assault, a violation of R.C. 2903.11, kidnapping, a violation of R.C. 2905.01, and rape, a violation of R.C. 2907.02. At the request of Zinn's counsel, the trial court ordered the Shawnee Forensic Center to evaluate Zinn's competency to stand trial. The evaluation indicated that Zinn had been taking several medications as prescribed by his doctor, but was competent to stand trial.
In September 1997, Zinn pled guilty to the assault and kidnapping charges in exchange for the state dismissing the rape charge. The trial court sentenced Zinn to consecutive terms of seven years for the assault and nine years for the kidnapping.
In 1998, Zinn filed a delayed appeal in this court, which we denied, and a motion to withdraw his guilty plea in the trial court. The trial court denied the motion to withdraw the guilty plea. Zinn appealed the trial court's denial, but voluntarily dismissed the appeal.
In 1999, Zinn filed a motion for post-conviction relief. In his petition, Zinn alleged that he had newly discovered evidence in support of his petition. Specifically, he alleged that his physician, who had prescribed him the drugs he was taking at the time of the offense, had lost his medical license for his prescribing practices. In later filings, Zinn alleged that the side effects of the combination of the medications and the improper prescribing practices were the newly discovered evidence on which he based his petition. However, at the hearing on his petition, Zinn relied only on facts relating to the side effects of the combination of medications he was taking at the time of the offense.
After the hearing, the trial court denied Zinn's petition because Zinn filed it beyond the one hundred eighty day limit provided in R.C. 2953.21. In so doing, the trial court found that the evidence at issue was within Zinn's knowledge and control when he pled guilty.
Zinn appeals and asserts the following assignments of error:
 I. Trial court erred to the substantial prejudice of appellant in denying appellant's petition for postconviction (sic) relief as provided in R.C. 2953.21. Said error denied appellant due process of law as guaranteed under Article I, Sections 10 and 16 of the Ohio Constitution, as (sic) the Fourteenth Amendment to the United States Constitution.
 II. Trial court erred to the substantial prejudice of appellant by failing to [f]ollow Rule 11, of the Ohio Rules of Criminal Procedure. Said error denied appellant his right to due process of law as guaranteed under Article I, Sections 10 and 16 of the Ohio Constitution, and the Fourteenth Amendment to the United States Constitution.
 III. Appellant's guilty plea was not knowingly, voluntarily and intelligently entered, contrary to the protections of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I, Sections II, X and XIV of the Ohio Constitution.
 IV. Appellant was denied the effective assistance of counsel as guaranteed under Article I, Sections 10 and 16 of the Ohio Constitution and the Sixth Amendment to the United States Constitution by counsel permitting the appellant to enter a guilty plea while under the influence of prescribed medication. Said error resulted in substantial prejudice to appellant.
 II.
In all his assignments of error, Zinn argues that the trial court erred in dismissing his petition for post-conviction relief. Thus, we consider them together.
The granting or denying of a petition for post-conviction relief is within the sound discretion of the trial court, and the standard of review is whether the trial court abused its discretion. State v.Lemaster (Sept. 28, 1999), Pickaway App. No. 98CA46, unreported. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. Cleve. Elec. Illum.Co. (1991), 60 Ohio St.3d 120, 122.
A petition for post-conviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of the appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.21(A)(2). If a defendant does not appeal his or her conviction, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Id.
Here, no transcript was filed in an appeal because we denied Zinn's motion to file a delayed appeal. Because Zinn did not successfully file a direct appeal, he had only one hundred eighty days from the expiration of his time to file an appeal in which to timely file a petition. Zinn's conviction became final and appealable on September 30, 1997. The time for Zinn to file an appeal expired on October 30, 1997. App.R. 4(A). He then had one hundred eighty days to timely file a petition for post-conviction relief. R.C. 2953.21(A)(2). The time for Zinn to file a timely petition for post-conviction relief expired on April 28, 1998. Zinn did not file his petition until 1999. Thus, the petition was untimely.
A trial court may not entertain an untimely filed petition unless both of the following are satisfied: (1) the petitioner shows either that he or she was unavoidably prevented from discovering the facts upon which he or she relied in the petition, or that after the one hundred eighty days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him or her guilty but for constitutional error at trial. R.C. 2953.23(A).
Here, Zinn argues that he was unavoidably prevented from discovering the facts upon which he relies in the petition, i.e., the side effects of the combination of prescribed medication he was taking. This is an issue of fact. In reviewing a trial court's factual determinations, we will not reverse as long as the record contains some competent, credible evidence supporting the determination. Sec. Pacific Bank v. Roulette (1986),24 Ohio St.3d 17, 20. The trial court determined that Zinn alleged that, until his doctor lost his medical license, he was unable to discover the side effects of the medications he was taking and the fact that his doctor may have been wrongly prescribing the medications. The trial court found that Zinn knew he was taking the medication and claimed at the time he pled guilty that he could not remember the incidents surrounding the crimes with which he was charged. The trial court concluded that these facts should have alerted Zinn to the potential of the alleged problems with his medications.
We find that there is some competent, credible evidence to support the trial court's finding that Zinn was not unavoidably prevented from discovering the facts upon which he relies in his petition. Zinn does not explain how he was unavoidably prevented from discovering the side effects of the medications before he pled guilty; instead, he focuses on the fact that he did not actually discover them until he learned his doctor had lost his medical license. Zinn knew what medications he had taken before his offense. Zinn does not allege that the information about the side effects was not available to him at the time he pled guilty, rather he alleges that he did not know about them. He argues that he did not think to investigate the side effects until he learned that his doctor had lost his license for his prescribing practices. However, Zinn and his counsel were aware at the time he pled guilty that he could not remember the offense. Thus, we find that the trial court did not err in finding that Zinn was not unavoidably prevented from discovering the facts upon which he relies in his petition.
We also find that the trial court did not act unreasonably, arbitrarily, or unconscionably in dismissing Zinn's untimely petition. Therefore, the trial court did not abuse its discretion in dismissing Zinn's petition. Accordingly, we overrule all of Zinn's assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 ______________________ Roger L. Kline, Judge
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.