DECISION AND JUDGMENT ENTRY
{¶ 1} John D. Knittel appeals the decision of the Scioto County Court of Common Pleas granting judgment in favor of Charles Clare and against Knittel and Getaways, Inc., a corporation in which Knittel and Clare were the sole shareholders. Knittel asserts that the trial court made erroneous factual conclusions concerning the contributions each shareholder made. Because the trial court used different methodologies for determining the parties' respective contributions, we conclude that the court's decision is against the manifest weight of the evidence. Our conclusion renders Knittel's second argument, that the trial court lacked authority to grant a judgment against both Getaways, Inc. and Knittel individually, moot. We reverse the trial court's judgment and remand this matter for further action.
 {¶ 2} In the spring of 1994, Clare purchased property that housed a bar in Portsmouth. Along with the real estate, Clare acquired a liquor license and some restaurant equipment. After he was unable to find a tenant to rent the property, Clare decided to open a restaurant himself and began preparing the property. Before the restaurant was operational, Clare encountered financial difficulties.
 {¶ 3} When he learned of Clare's financial problems, Knittel asked Clare if he would be interested in establishing a partnership and Clare agreed.[1] In September 1994, Knittel contributed $40,000 to the venture. Although Knittel and Clare apparently reached a verbal agreement regarding the business, the parties never reduced the agreement to writing. Knittel and Clare agree that Clare was to contribute a "like amount" as Knittel to the business, but the parties disagree as to whether Clare made the requisite contribution and whether Clare's contributions before Knittel's involvement should be considered. The parties also agree that ownership of the building belonged to Clare and his wife, not the corporation, and that the business was to pay rent to Clare for its occupancy.
 {¶ 4} The restaurant opened in October 1994. A few weeks later, the parties formed a corporation, Getaways, Inc., by filing Articles of Incorporation with the Secretary of State. Each party owned 50 percent of the corporation's stock. Although both Knittel and Clare infused money into the business at various times, the restaurant closed due to financial problems. It later reopened as a sports bar, but closed permanently in May 1996.
 {¶ 5} Knittel filed an amended complaint against Clare both in Knittel's individual capacity and as a shareholder in a derivative suit on behalf of Getaways, Inc. Knittel alleged that Clare failed to make the requisite initial investment of $40,000 to the corporation and that Clare diverted corporate funds to his own use. Knittel sought a monetary judgment in favor of Getaways, Inc., as well as an accounting and judicial dissolution of the corporation. Clare filed a counterclaim seeking back rent, monies owed for services Clare performed for Getaways, Inc., and reimbursement of contributions Clare made in excess of those made by Knittel.
 {¶ 6} The parties waived a trial and submitted the case to the trial court for consideration on the depositions and certain exhibits. The court granted judgment in Clare's favor against Knittel and Getaways, Inc. in the amount of $18,823.69, declared Getaways, Inc. to be insolvent, and dissolved the corporation upon payment of its existing debts. Knittel filed a timely appeal, assigning the following errors:
 {¶ 7} "Assignment of Error #1: The trial court abused its discretion in reaching certain factual conclusions that were a predicate to its calculation of the judgment that it rendered in favor of the Appellee and against the Appellant.
 {¶ 8} Assignment of Error #2: The trial court lacked authority to grant any judgment against the Appellant under the status of the pleadings."
 {¶ 9} In his first assignment of error, Knittel asserts that the trial court abused its discretion by failing to give him credit for his initial $40,000 investment when determining how much money each party contributed to the corporation. Knittel asserts that the trial court's finding that he was "buying into" an existing entity and therefore should be given credit only for contributions made after the initial investment is unsupported by the record.
 {¶ 10} Although Knittel frames his first assignment of error in terms of whether the trial court abused its discretion, we actually apply the "manifest weight of the evidence" standard of review when evaluating whether a trial court's judgment is supported by the record. We will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case.Sec. Pacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17,20, 492 N.E.2d 438; C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. Barkley v. Barkley (1997), 119 Ohio App.3d 155,159, 694 N.E.2d 989.
 {¶ 11} Before addressing the merits of Knittel's first assignment of error, we note that this is an unusual case involving personal as well as corporate assets and liabilities. A review of the record in this case reveals several troubling issues but, because neither party raised these issues on appeal, we decline to address them. However, our failure to address these issues should not be viewed as approval of the manner used to dissolve the corporation.
 {¶ 12} Knittel argues that the trial court erred in finding that he contributed $40,000 to buy into "a going concern." In concluding that the restaurant was already operational at the time Knittel became involved, the trial court relied on the testimony of the attorney that formed the corporation, who testified that Knittel spoke to Clare about the joint venture when Knittel was having dinner at the restaurant. He further testified that Knittel contributed cash and Clare contributed a "fully operational restaurant" to the corporation.
 {¶ 13} We agree with Knittel that corporate counsel's recollection conflicts with both parties' testimony. Knittel and Clare agree that Knittel made his cash contribution in September 1994 and the restaurant did not open until October 1994. Therefore, Clare did not contribute a fully operating business to the corporation.
 {¶ 14} However, the fact that the restaurant was not fully operational is of little consequence. The issue before the court was whether the agreement to operate the business as equal owners included a requirement that Clare had to make a $40,000 cash contribution at the time Knittel became involved or conversely, whether the contributions Clare made prior to Knittel's involvement satisfied his obligations to the enterprise. The trial court concluded that Clare's earlier contributions satisfied his initial contribution requirement and this finding is supported by the evidence.
 {¶ 15} Implicit in the court's resolution of the matter is a finding that Clare and Knittel agreed to continue funding the enterprise on an equal but "voluntary" basis. We characterize the subsequent capital contributions as "voluntary contributions" because the record contains no evidence that the corporation issued additional stock or gave promissory notes in return for the continuing infusion of cash and labor. Thus, it seems that the parties continued to operate in a manner akin to a partnership even though they had subsequently incorporated. Conceivably, this agreement to continue to voluntarily capitalize the corporation might be enforceable between the parties, but in the absence of some corporate act or involvement in the agreement, it seems questionable that the corporation could enforce it outside of a third party beneficiary theory.
 {¶ 16} Nonetheless, we conclude that the trial court's judgment is against the manifest weight of the evidence. While the trial court credited Clare with his initial contribution, i.e. the monies he expended to start the restaurant prior to Knittel's involvement, the court refused to credit Knittel with his initial $40,000 investment. Instead, the court found that Knittel's contribution "was just to participate in the corporation at a 50% level * * *."
 {¶ 17} The court's decision to credit Clare with every contribution made since he first began developing the restaurant but to credit Knittel only with the contributions made following his initial investment is not supported by the evidence.[2]
The analysis applied by the trial court unfairly uses different methods for measuring each party's contributions. Instead, the court should credit each party only with the contributions made after Knittel's $40,000 investment. Once Knittel made this investment, the parties had deemed their contributions to be equal by virtue of their joint and equal ownership of the enterprise. Therefore, only contributions made after that point should be considered when determining whether the parties' voluntary contributions were equal.
 {¶ 18} Moreover, the trial court ordered Knittel to reimburse Clare for the total amount of contributions Clare made in excess of Knittel's contributions. The effect of this order is that, rather than equalizing the parties' contributions, Knittel's contributions will exceed Clare's. If, on remand, the court determines that one party's contributions exceed the other's, the amount of the excess contribution must be divided in half to ensure that the parties' total contributions are equal.[3]
 {¶ 19} Knittel's first assignment of error is sustained.
 {¶ 20} In his second assignment of error, Knittel contends that, even assuming he owes an additional contribution, that contribution is owed to the corporation and not to Clare individually. However, because the corporation did not file a claim against him, Knittel asserts that such a judgment is not legally possible.
 {¶ 19} Because we have sustained Knittel's first assignment of error, his second assignment of error is moot. On remand, the trial court could determine that Knittel owes no additional contributions after recalculating the amount of money contributed by each party pursuant to our instructions. Therefore, we do not address the second assignment of error.
 {¶ 20} Having sustained Knittel's first assignment of error, we reverse and remand this matter to the trial court for further action consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
Kline, P.J., and Abele, J., concur in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Although the parties originally agreed to form a partnership, they later incorporated their venture. However, in many respects they continued to conduct their affairs as if they were a partnership.
[2] As Knittel indicates in his brief, it appears that the trial court rejected Clare's request for compensation for his labor and for expenses associated with improving the building which Clare owned individually. Therefore, we do not include these types of contributions when we refer to "every contribution" made by Clare.
[3] By way of example, if the court concluded that Clare contributed $20,000 to the corporation but Knittel contributed only $10,000 and ordered Knittel to repay Clare $10,000, the effect would be that Knittel's contributions would total $20,000 while Clare's would total only $10,000. Instead, the court should order Clare to pay Knittel $5,000, which would result in both parties' contributions totaling $15,000.