AMENDED DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court's division of property pursuant to a decree of divorce granted in favor of Appellant, Tammy Wallace, on September 22, 2005. Appellant asserts the trial court abused its discretion 1) in finding there was not a family business interest subject to division upon divorce; and 2) by unreasonably and unconscionably removing the vehicle she had used both during the marriage and since the parties separated. Because there is some evidence to support the trial court's decision, we cannot conclude that the decision is against the manifest weight of the evidence or that the trial court abused it's discretion. Accordingly, we affirm the decision of the trial court.
 I. Facts {¶ 2} Appellant and Appellee were married on July 24, 1993, and have two minor sons born as issue of the marriage. Appellant commenced an action for divorce on September 2, 2004, based on grounds of gross neglect of duty, extreme cruelty and incompatibility. Appellee counterclaimed for divorce on grounds of incompatibility only.
 {¶ 3} The parties own real estate consisting of the marital home, as well as several vehicles, including a 2001 Hyundai Sante Fe, which is at issue in the present appeal. Appellant also alleges that Appellee is the co-owner of a check cashing business known as Insta-Cash; however, Appellee denies an ownership interest and instead asserts that he is merely an employee of the business.
 {¶ 4} Upon granting the parties a divorce based on grounds of incompatibility, the trial court ordered a split custody arrangement with respect to the children and ordered that all of the marital property be sold and proceeds to be divided equally between the parties. This order included the 2001 Hyundai Sante Fe, which Appellant claims was a gift to her, individually, and which she relies on as her only means of transportation. Additionally, the trial court did not find a family business interest, subject to division upon divorce, in Insta-Cash in light of its finding that the business was owned by another individual, Gene Weihl, II, rather than by either or both of the parties.
 {¶ 5} It is from this decision that Appellant brings her current appeal, assigning the following errors for our review.
 II. Assignments of Error {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THERE WAS NOT A FAMILY-BUSINESS INTEREST.
 {¶ 7} II. THE TRIAL COURT ABUSED ITS DISCRETION BY UNREASONABLY AND UNCONSCIONABLY REMOVING THE VEHICLE THE APPELLANT/WIFE HAD USED."
 III. Legal Analysis {¶ 8} In both assigned errors, Appellant essentially argues that the trial court abused its discretion with regard to the characterization and division of property. Specifically, Appellant argues that the trial court abused its discretion in failing to characterize a check cashing business known as Insta-Cash as marital property, thus subject to division upon divorce. Additionally, Appellant argues that "the trial court abused its discretion by unreasonably and unconscionably removing the vehicle the appellant/wife had used," which essentially challenges the trial court's characterization of the vehicle at issue as marital, as opposed to separate property.
 {¶ 9} This court has concluded that "Under R.C. 3105.171(B), a court is under a mandatory duty to classify property in a divorce proceeding as either marital or separate before dividing the property." Childers v. Childers, Scioto App. No. 05CA3007,2006-Ohio-1391; citing Knight v. Knight (Apr. 12, 2000), Washington App. No. 99CA27, 2000 WL 426167; See, also, Wright v.Wright (Nov. 10, 1994), Hocking App. No. 94CA02, 1994 WL 649271. A trial court's classification of property as either marital or separate is a factual finding that we review under a manifest weight of the evidence standard. Barkley v. Barkley (1997),119 Ohio App.3d 155, 159, 694 N.E.2d 989. We will not reverse the court's decision as long as some competent, credible evidence supports it. Sec. Pacific Natl. Bank v. Roulette (1986),24 Ohio St.3d 17, 20, 492 N.E.2d 438.
 {¶ 10} The Supreme Court of Ohio has stated: "This standard of review is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal. We are guided by the presumption that the trial court's factual findings are correct since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony. In re Jane Doe I
(1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181." Eddy v. Eddy,
Washington App. No. 01CA20, 2002-Ohio-4345, at ¶ 27.
 {¶ 11} In the case at bar, the trial court did not address the alleged marital ownership interest in Insta-Cash in its October 11, 2005 "Journal Entry — Termination By Court Hearing Domestic Relations;" however, it did address this issue at length in its prior "Decision (Contested Divorce) with Findings of Fact and Conclusions of Law," which was issued on September 22, 2005. In the earlier September 22, 2005 entry, the trial court determined that the check cashing business known as Insta-cash was neither separate property nor marital property. Rather, it found that the business was owned by Gene Weihl, II. Specifically, with respect to Appellant's assertion that Appellee was a co-owner of Insta-cash, the trial court reasoned as follows:
"The Court has heard varying testimony as to the parties' positions with regard to Insta-Cash in Belpre, Ohio. The Court has not heard any testimony from Gene Weihl, II. The Court has heard testimony that the Wife was a manager of this business. The Court has heard testimony that the Husband has an ownership interest in the property, and has been a manager. This conflicting testimony regarding this issue is correctly set out at page 3, paragraph IV, subsection (E) of the Husband's Proposed Findings of Fact and Conclusions of Law. The Court accepts those findings set forth therein and incorporates the same herein by reference.[2]
The Court must note that the Plaintiff submitted no tax returns, accounting records, business sheets, ledgers or bank statements, etc., in support of her claim that the Husband is a part owner of the business. Neither did she call or produce Mr. Gene Weihl, II, as a witness in this case. Mr. Weihl owns businesses in Ohio and was subject to subpoena. No evidence was introduced by the Plaintiff regarding the liabilities or assets of Insta-Cash, nor was an appraisal done of its value. Mr. Weihl was not joined as a party to this action. Mr. Weihl's wife did testify, and to her knowledge, he is the sole owner of this business. The Court has no way of assessing the value of the business, has no way of knowing what percent of the business the Husband allegedly owns, or if there are other owners, other than Mrs. Weihl and her husband. In summary, the Wife has not met her burden of proof to establish that the Husband has an ownership interest in the business of Insta-Cash."
 {¶ 12} As such, the trial court expressly determined that the business was owned by the Weihls, and possibly others, but not owned by Appellee or Appellant. Thus, because neither Appellee nor Appellant had an ownership interest in the business, it was not a marital asset to be divided among the parties, nor separate property to be awarded to either party.[3]
 {¶ 13} In our view, because there is competent, credible evidence to support the trial court's finding that the business known as Insta-Cash was not a marital asset, we cannot conclude that the trial court's decision was against the manifest weight of the evidence. Nor can we conclude, as Appellant urges, that the trial court abused its discretion in arriving at its decision. Thus, Appellant's first assignment of error is without merit.
 {¶ 14} In her second assignment of error, Appellant challenges the trial court's determination that the 2001 Hyundai Sante Fe was marital property rather than her separate property. Our analysis begins from the premise that marital property does not include "separate property." R.C. 3105.171(A)(3)(b); See, also, Jacobs v. Jacobs, Scioto App. No. 02CA2846, 2003-Ohio-3466. Further, R.C. 3105.171 (A)(6)(a)(vii) provides as follows:
"(6)(a) `Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * *
(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
 {¶ 15} Generally speaking, "separate property" is not divided between spouses, but is disbursed to the spouse during the course of the marriage. Id. at (A)(6)(vii). Property given to one spouse, whether by the other spouse or by a third person, is presumed to be marital property unless shown otherwise by clear and convincing evidence. See Barkley, supra, at 168-169; Maticv. Matic (Jul. 27, 2001), Geauga App. No. 2000-G-2266,2001 WL 848530. A trial court's determination whether property is a gift, like any other factual determination, will be upheld as long as it is supported by some competent and credible evidence.[4]Barkley, supra at 169.
 {¶ 16} During the trial below, Appellant and Appellee each testified that this particular vehicle was a gift from Gene Weihl, II. Appellant claimed that the vehicle was a gift to her. Appellee claimed that Mr. Weihl gave him the vehicle as a gift and produced the title to the vehicle listing Appellee as the owner. Appellee also testified that Mr. Weihl paid the lien on the vehicle.
 {¶ 17} The trial court found that the vehicle was owned by both parties, thus resulting in the vehicle being characterized as marital property. Whether the vehicle was a gift or not is irrelevant as the trial court apparently accepted the testimony of both parties to a certain extent. The testimony below included assertions by each party that the vehicle was a gift to them individually; however, neither party contested that Appellee's name was on the title or that Appellant primarily used the vehicle and had been in possession of the vehicle since the parties separated. Thus, even if the trial court accepted that the vehicle was a gift from Mr. Weihl, neither party proved by clear and convincing evidence that the vehicle was given to either one individually, or to the exclusion of the other party.
 {¶ 18} Trial courts are required to divide marital property and separate property equitably between the spouses. R.C.3105.171(B). Since the trial court possesses a great deal of discretion in attaining an equitable distribution, the court's division of property will be not disturbed absent an abuse of discretion. See Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, 541 N.E.2d 597. As such, we believe that the trial court correctly determined that Appellant failed to prove that the vehicle was her separate property. Despite Appellant's assertions that the vehicle was her only means of transportation, we cannot conclude that the trial court abused its discretion in ordering that the vehicle be sold, along with the rest of the parties' marital property. Thus, Appellant's second assignment of error is without merit.
 {¶ 19} Accordingly, we affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[2] Although the trial court incorrectly cites these proposed findings of fact and conclusions of law as being found under paragraph IV, subsection (E), paragraph V, subsection (E) sets forth and summarizes the evidence submitted by the wife in support of her claim that the husband has an ownership interest in Insta-Cash, as well as the evidence submitted by the husband denying that he has an ownership in the business, and ultimately concludes that "[t]he court finds that Plaintiff [Appellant herein] failed to meet her burden of proof. The Court finds that Defendant [Appellee herein] is an employee of Insta-Cash."
[3] R.C. 3105.171 (B) gives the court "jurisdiction over all property in which one or both spouses have an interest."
[4] The same manifest weight of the evidence standard applied even under the heightened "clear and convincing" burden of proof. See Cydrus v. Houser (Nov. 29, 1999), Ross App. No. 98CA2425,1999 WL 1125061; See, also, State v. Rich, Pickaway App. No. 00CA47, 2001-Ohio-2613; State v. Morris (Jul. 18, 2000), Washington App. No. 99CA47, 2000 WL 1010822.