DECISION AND JUDGMENT ENTRY
{¶ 1} Dr. Brian Hendrickson appeals from the Small Claims Division of the Gallipolis Municipal Court's entry of judgment against him and in favor of Elwood and Beverly Lewis after finding that he failed to render proper veterinary care to the Lewises' dog. Appellant argues that the court's judgment is not supported by the evidence as Appellees failed to establish the applicable standard of care or to demonstrate that Appellant did not meet this standard. Because the Rules of Evidence are inapplicable in Small Claims Court, Appellees' testimony and evidence concerning the opinions of other treating veterinarians about their dog's medical condition was properly admissible and supported the judgment. Therefore, we affirm the trial court's judgment.
 {¶ 2} In April 2002, Appellees filed a complaint against Appellant in the Small Claims Division of the Gallipolis Municipal Court seeking to recover $316.00 for "expenses incurred for and due to misdiagnosis and mistreatment of [their] dog." The record reflects that Appellees took their dog, Stormi,[1] to Appellant, a veterinarian, for treatment of an ear problem. Appellees were dissatisfied with the treatment rendered and alleged that Appellant failed to properly diagnose and treat a tumor in Stormi's ear.
 {¶ 3} In June 2002, a magistrate in the Small Claims Division held a hearing during which both sides testified as to their version of the events. Additionally, Appellees produced a printed summary of the relevant events and their expenses, and copies of Stormi's medical records and the bills for Stormi's care.[2]
 {¶ 4} Appellees' summary states that they took Stormi to Appellant on March 2, 2002. Appellant diagnosed an ear infection and prescribed drops and antibiotics. Stormi continued to appear bothered by the ear so Appellees returned to Appellant on March 22, 2002 and he prescribed additional medications. Appellant also noted that Stormi's ear had "thickening," which was scar tissue due to a history of ear infections; however, Appellees informed Appellant that Stormi had not had recurrent ear infections. On April 1, 2002, Appellees again took Stormi to Appellant who diagnosed a persistent ear infection, took an ear culture, and prescribed further use of ear drops.
 {¶ 5} Appellees then decided to seek a second opinion and took Stormi to Dr. Angela Shelton on April 2, 2002. Dr. Shelton looked in Stormi's ear, immediately identified a mass, and referred Stormi to the Ohio State University Veterinary Hospital ("OSUVH"). Dr. Shelton advised Appellees to discontinue the ear drops prescribed by Appellant because the mass was precluding them from entering the ear.
 {¶ 6} On the evening of April 2, Stormi's ear began bleeding profusely and Appellants transported her to the emergency clinic at OSUVH. The veterinarian at OSUVH confirmed that there was a mass in Stormi's ear, stopped the bleeding, and scheduled follow-up care for Stormi. Ultimately, Stormi was admitted to OSUVH for surgery to remove the mass, as well as the entire ear canal and some bone.
 {¶ 7} Appellant testified that he examined Stormi on March 2nd and diagnosed an ear infection. He prescribed topical and oral antibiotics but did not observe a tumor or a polyp at that time. On March 22nd, Mrs. Lewis called back and asked for additional oral antibiotics, which were dispensed. Then, on April 1st, Appellant suggested that a bacterial culture be taken to determine if different antibiotics were necessary to treat Stormi. However, because Stormi's ear was very red and sore, Appellant did not perform a thorough examination of the ear.
 {¶ 8} In their lawsuit, Appellees sought reimbursement for the monies paid to Appellant for his services, the cost of the visit to the emergency room at OSUVH as well as round trip mileage to Columbus for this visit, the cost of the examination by Dr. Shelton who discovered the mass, and court costs.
 {¶ 9} On July 11, 2002, the magistrate issued a journal entry that stated "[Plaintiffs'] evidence is insufficient to prove that Stormy's surgury [sic] would not have been necessary had the [Defendant] diagnosed the tumor. However[,] the evidence is sufficient to prove that the mass or tumor should have been discovered on the 3-22-02 or the 4-1-02 visit w/the [Defendant]. Therefore, the court finds that the charges for the 3-22-02 + 4-1-02 visits should be reimbursed. Judgment for [Plaintiffs] in the amount of $92.13 plus costs + interest."
 {¶ 10} Under Civ.R. 53, Appellant objected to the magistrate's decision and requested that the court modify the decision and grant a verdict in favor of him. Specifically, Appellant argued that Appellees had failed to present any evidence to show that Appellant breached any duty of care or acted negligently in treating Stormi.
 {¶ 11} In August 2002, the trial court held a hearing on Appellant's objections to the magistrate's decision. On September 24, 2002, the court issued its journal entry stating that, "The Court reviewed the arguments of both sides. The argument that the Magistrate found for Plaintiff [sic] based on negligence is not supported by the ruling[.] The Court finds that the Magistrate merely found that [Defendant] did not provide the services for which Plaintiff [sic] paid. The culture if done was never provided to Defendant [sic] and the office visits on May 1 [sic] and May 22 [sic] were not adequate for this particular case. The Court finds that Magistrate did not find malpractice or negligence but merely that the office visits were not what the parties bargained for, regarding services rendered. Therefore, the Court finds no reason to overrule the decision of the Magistrate. Judgment for Plaintiff [sic] in the amount of 92.13."
 {¶ 12} Appellant timely appealed from this entry. In his sole assignment of error, Appellant argues that the trial court erred in awarding damages to Appellees because Appellees failed to present sufficient evidence to establish the applicable standard of care or to show that Appellant's conduct fell short of that standard. Essentially, Appellant argues that the court's decision was against the manifest weight of the evidence.
 {¶ 13} An appellate court will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case. Sec. Pacific Natl.Bank v. Roulette (1986), 24 Ohio St.3d 17, 20; C.E. Morris Constr. Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. We are guided by the presumption that the trial court's factual findings are correct because of the knowledge that the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79.
 {¶ 14} In order to establish negligence by a veterinarian, a party must show "that the injury complained of was caused by the doing of a particular thing that a veterinarian of ordinary skill, care and diligence would not have done under like or similar circumstances, or by the failure or omission to do some particular thing that such veterinarian would have done under like or similar circumstances." Turner v. Sinha
(1989), 65 Ohio App.3d 30, 35. Appellees essentially alleged that their multiple visits to Appellant and their emergency trip to OSUVH were caused by Appellant's failure to properly diagnose the cause of Stormi's ear problems.
 {¶ 15} Our review of the magistrate's decision reveals that he concluded that Stormi would have required surgery to remove the tumor in her ear regardless of whether Appellant had timely discovered the mass. However, the magistrate also determined that Appellant should have discovered the tumor on either the March 22nd visit or on the April 1st appointment but failed to do so and, therefore, is liable to Appellees for the damages incurred as a result of his omission, i.e. the monies paid to Appellant for the March 22nd and April 1st visits.
 {¶ 16} In accordance with Civ.R. 53, which outlines the role of magistrates, the trial court is required to conduct an independent review of the case, having the "ultimate authority and responsibility over the [magistrate's] findings and rulings," Hartt v. Munobe (1993),67 Ohio St.3d 3, 5, 615 N.E.2d 617, and must decide "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." Inmanv. Inman (1995), 101 Ohio App.3d 115, 118.
 {¶ 17} Here, the trial court construed the magistrate's decision as concluding that Appellant had breached his contract with Appellees in that he failed to provide the contracted for services. We disagree with the court's reading of the magistrate's decision; however, whether this action was construed as one for malpractice or breach of contract, the burden on Appellees was identical. See Hudson v. McDaniel (Jan. 11, 1989), Summit App. No. 13609 (noting that plaintiff in veterinary malpractice case was required to prove causation regardless of whether the cause of action was labeled professional misconduct, tort, or breach of contract). Although we agree with Appellant that this is, in fact, a malpractice action, the court's error in concluding otherwise does not affect our review. Appellees were required to prove that Appellant should have discovered Stormi's tumor regardless of the name placed on the cause of action.
 {¶ 18} Initially, we note that Evid.R. 101(C)(8) specifically excludes small claims proceedings from the rules of evidence. In Turnerv. Sinha (1989), 65 Ohio App.3d 30, 33, the court discussed the reasoning behind Evid.R. 101(C)(8): "Evid.R. 101(C)(8) provides that the Ohio Rules of Evidence are inapplicable to proceedings in the small claims division of a county or municipal court, not merely `relaxed.' The small claims division is a `layman's forum' and a judge or referee, while exercising some discretion, `* * * should not deny a layman justice through the formalistic application of the law of evidence.' Staff Note to Evid.R. 101. However, some reliable evidence is still required in order to prove a claim. Ray v. White (June 29, 1984), Madison App. No. CA84-01-003, unreported, at 7-8." Therefore, the trial court was not constrained by the rules of evidence when determining whether Appellees carried their burden.
 {¶ 1} In Turner, supra, also a veterinary malpractice action brought in small claims court, the plaintiff brought her dog, Cadbury, to the defendant after Cadbury was struck by an automobile.65 Ohio App.3d at 31. The defendant took X-rays of Cadbury, but stated that he still could not tell if the dog's back was broken and that additional X-rays were needed. The next morning, the plaintiff contacted another veterinarian who informed her that if Cadbury could not sit up and her paws were stiff, her back was broken. The defendant then contacted the plaintiff and stated that he had determined that Cadbury's back was not broken. 65 Ohio App.3d at 32. The plaintiff removed Cadbury from the defendant's care and transferred her to the other veterinarian who examined the dog and the X-rays and concluded that the dog's entire pelvis had been crushed and that there was a fracture further up in the spine. Cadbury was put to sleep. The plaintiff filed suit alleging that the charges by the defendant were needless and excessive as X-rays were unnecessary and the dog should have been immediately put to sleep. The court ultimately ruled in the plaintiff's favor and the defendant appealed.
 {¶ 1} In affirming the trial court's decision, the appellate court noted that the plaintiff had testified that the second veterinarian told her that if the dog could not get up or its paws were stiff then its back was broken, implying that X-rays were unnecessary. Id. at 35. Further, the second veterinarian examined Cadbury and contradicted the defendant's findings. The court determined that the plaintiff's testimony concerning the statements and opinions of the second veterinarian was sufficient to meet her burden as this evidence demonstrated what a veterinarian of ordinary skill and diligence would have done under similar circumstances.
 {¶ 1} Here, Appellees introduced evidence that the "thickening" in Stormi's ear, which Appellant stated was evidence of a history of recurrent ear infections, was actually evidence of a tumor in the ear canal and that Appellees informed Appellant that Stormi did not have a history of ear infections. Moreover, Appellees demonstrated that just one day after seeing Appellant, Dr. Shelton was able to diagnose the tumor in Stormi's ear canal by simply holding the ear back and observing it with the naked eye. While, admittedly, neither Appellees' testimony about the statements made by Dr. Shelton or the veterinarians at OSUVH, nor the summary which Appellees prepared and provided to the magistrate, would be admissible under the Rules of Evidence, the trial court was free to rely on them because of the inapplicability of those rules. We conclude that there was sufficient evidence from which the trier of fact could determine that Appellant failed to timely diagnose the tumor in Stormi's ear. Accordingly, Appellant's assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] The record reflects numerous spellings of the dog's name. We use "Stormi" throughout this opinion because it appears to be the spelling used by Appellees and, therefore, we assume it to be the correct spelling.
[2] The transcript does not reveal that these documents were ever "admitted" into evidence. However, at the beginning of the hearing, Mrs. Lewis stated that she "tried to summarize everything here and I have receipts from what we had paid * * *." (Transcript of June 24, 2002 at pp. 3-4.) Given the lack of formality in Small Claims Court, particularly as pertains to the Rules of Evidence as discussed infra, and the fact that these documents are included in the record, we conclude that the magistrate considered them as evidence.